IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00909-MSK-MEH

ZACHARY KRISTON, et al.,

      Plaintiffs,

v.

TONY PEROULIS, et al.,

      Defendants.

---

## ORDER ON MOTION TO STRIKE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff Kriston's "Motion to Strike Answer of Defendants, Tony Peroulis, Harry Peroulis, and Daryll Rosenblatt" [filed September 10, 2009; docket #51]. The Motion is referred to this Court for resolution. (Docket #52.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff Kriston's Motion to Strike.

## I.      Background

Plaintiff Kriston initiated this Racketeer Influenced and Corrupt Organizations Act (RICO) lawsuit on April 21, 2009. (Docket #1.) This Court issued an order to show cause to the three business entity Plaintiffs, American Royalty Crusade, Kings Court Command, LLC, and Kings Court Command Corporation, as to why these Plaintiffs should not be dismissed for failure to prosecute due to lack of representation. (Docket #102.) Accordingly, this Order refers to Plaintiff Kriston only and does not apply to the business entity Plaintiffs.

In the 126-page "Multi-District Class Action Complaint," Plaintiff Kriston names forty individuals and organizations as Defendants.  (*See* docket #1.)  After the Court held an initial status conference on July 24, 2009, Plaintiff Kriston filed a "Notice of Voluntary Dismissal of Certain Defendants," which dismissed out twenty defendants, primarily those who are governmental. (Docket #18.)  Three defendants, Tony Peroulis, Harry Peroulis, and Daryll Rosenblatt, co-filed an Answer *pro se*, which is at issue presently before the Court.  (Docket #40.)

Plaintiff Kriston filed this "Motion to Strike Answer of Defendants, Tony Peroulis, Harry Peroulis, and Daryll Rosenblatt," asserting the *pro se* co-Defendants failed to state any affirmative defense, failed to provide accurate contact information, and failed to admit or deny the factual allegations in the Complaint.  (Docket #51 at 2.)  In response, Defendants T. Peroulis, H. Peroulis, and Rosenblatt contend the Answer adequately addresses all of the allegations in the Complaint pertaining to Defendants T. Peroulis, H. Peroulis, and Rosenblatt, and provides appropriate contact information consistent with the Federal Rules.  (Docket #63 at 2.)

## II.    Standard of Review

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," provided that the motion is made within twenty days after service of the pleading.  "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case."  *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc*., No. 07-cv-01514-WDM-BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)).  Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests.  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004).

As Plaintiff Kriston and Defendants T. Peroulis, H. Peroulis, and Rosenblatt proceed *pro se*, the Court must construe the "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.   Analysis

In light of the general disfavoring of striking pleadings, the Court declines to strike the Answer filed by these three *pro se* co-Defendants, given that the Answer does address whether paragraphs from the Complaint are admitted, denied, or without sufficient knowledge to admit or deny. (*See* docket #40.) However, for the following reasons, the Court agrees with Plaintiff Kriston to the extent that the Answer displays certain deficiencies. Thus, the Court directs Defendants T. Peroulis, H. Peroulis, and Rosenblatt to file an Amended Answer consistent with the terms of this Order, as further explained below.

The signature blocks in both the Answer and the response to Plaintiff Kriston's Motion to Strike include the signatures of the three Defendants, but only include one physical address and no phone numbers or email addresses. (*See* docket #40 at 7; docket #63 at 4.) Pursuant to Rule 11 of the Federal Rules of Civil Procedure, "every pleading . . . must state the signer's address, e-mail address, and telephone number." By federal statute, non-attorney *pro se* litigants cannot represent other *pro se* parties. *See* 28 U.S.C. § 1654 (West 2009). The Court takes judicial notice that Defendants T. Peroulis, H. Peroulis, and Rosenblatt are not attorneys admitted to practice in the

United States District Court for the District of Colorado.[1]  Accordingly, each *pro se* Defendant must sign on their own behalf and must include the information required by Rule 11 for each Defendant individually.

Rule 8(c) of the Federal Rules of Civil Procedure requires that, "in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ."  Rule 8(c) lists a number of affirmative defenses as examples.  Although Defendants T. Peroulis, H. Peroulis, and Rosenblatt address whether they admit, deny, or lack sufficient knowledge to either admit or deny as related to paragraphs within Complaint, these Defendants do not assert any affirmative defenses.

## IV.    Conclusion

Accordingly, for the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff Kriston's "Motion to Strike Answer of Defendants, Tony Peroulis, Harry Peroulis, and Daryll Rosenblatt" [filed September 10, 2009; docket #51].

The Court directs Defendants Tony Peroulis, Harry Peroulis, and Daryll Rosenblatt to file an Amended Answer consistent with Federal Rules of Civil Procedure 8(b) and (c), and 11(a) and (b), as stated in this Order, on or before **November 19, 2009**.

Dated at Denver, Colorado, this 5th day of November, 2009.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

---

[1]This Court may take judicial notice of court documents and matters of public record.  *Vibe Techs., LLC v. Suddath*, No. 06-cv-00812-LTB-MEH, 2006 WL 3404811, at *5 n.2 (D. Colo. Nov. 22, 2006) (citations omitted) (unpublished).  The records of the Bar of this Court are available to the public through the Office of the Clerk.