IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00909-MSK-MEH

ZACHARY KRISTON, *et al.*,

    Plaintiffs,

v.

TONY PEROULIS, *et al.*,

    Defendants.

## RECOMMENDATION

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Second Motion for Certification of Classes and Appointment of Class Counsel [filed October 12, 2009; docket #84]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. (Docket #123.) The Motion is briefed to the extent necessitated by the Court, and oral argument would not materially assist the Court in its adjudication. For the reasons set forth below, the Court RECOMMENDS that Plaintiff's Second Motion for Certification of Classes and Appointment of Class Counsel be **DENIED**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.     Background**

Plaintiff Kriston initiated this Racketeer Influenced and Corrupt Organizations Act (RICO) lawsuit on April 21, 2009. Plaintiff Kriston identifies American Royalty Crusade, Kings Court Command, LLC, and Kings Court Command Corporation as Plaintiffs, however, no attorney has entered an appearance on behalf of the three business entities. (Docket #1 at 1.) It is a "long-standing rule that a corporation must be represented by an attorney to appear in federal court." *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (footnote and citations omitted). A corporation cannot appear through a non-attorney corporate officer appearing *pro se*. *Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir. 2001). Accordingly, the Court issues this recommendation only in regards to claims asserted by Plaintiff Kriston, not the business entity Plaintiffs.[2]

In the "Preliminary Statement of Class Action Under RICO" section of Plaintiff Kriston's "Multi-District Class Action Complaint," Plaintiff Kriston represents that he, as a member of all three entities, "represents all of the other 181 members of American Royalty Crusade, and all of the other 31 members within Kings Court Command, LLC, of who are the equitable and the beneficial interest within Kings Court Command Corporation." (Docket #1 at 2.) Plaintiff Kriston asserts that the Complaint satisfies the requirements of Fed. R. Civ. P. 23, and moreover, Plaintiff Kriston "is committed in pursuing the class member claims and will adequately protect the interests of each class." (*Id*. at 3.) Plaintiff Kriston filed a "Certificate of Interested Parties within Defined Classes," naming alleged members of American Royalty Crusade and Kings Court Command, LLC. (Docket #2.)

---

[2]Per this Court's minute order [filed November 13, 2009; docket #113], if counsel has not entered an appearance on behalf of Plaintiffs American Royalty Crusade, Kings Court Command, LLC, and Kings Court Command Corporation on or before December 11, 2009, the Court will recommend that these three entity Plaintiffs be dismissed from the action.

Plaintiff Kriston submits, in essence, two requests for relief in his Second Motion for Certification of Classes and Appointment of Class Counsel. First, Plaintiff Kriston requests the Court grant his request for class certification, "define the class and class claims and appoint class counsel," pursuant to Fed. R. Civ. P. 23. (*See* docket #84 at 5.) Second, in the alternative, Plaintiff Kriston requests appointment of counsel generally.

**II.     Discussion**

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

   *A.     Appointment of Counsel*

The Court does not have the power to appoint an attorney over his or her objection, *Mallard v. U.S. District Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Absent the power to appoint counsel to a case, the Court can only seek volunteer counsel to represent a plaintiff such as this Plaintiff.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual

issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief under various statutory provisions.  His numerous and verbose filings to date indicates he is capable of presenting his claims adequately.  The legal issues, though somewhat varied, are not overly complex, novel, or difficult to state or analyze.  Therefore, the Court declines to recommend Plaintiff's case to be included on the list of *pro se* cases for which the Court is seeking volunteer counsel.

### B.     *Class Certification*

Consistent with the District Court's previous determinations in other cases, the Court finds that Plaintiff Kriston's *pro se* status precludes class certification as he requests.  As stated by the District Court,

> "Assuming-although the Court does not so find-that the Plaintiff's motion adequately establishes the requisite numerosity and commonality requirements necessary for certification of a class under Fed. R. Civ. P. 23(a), the fact remains that the Plaintiff proceeds in this action *pro se. Pro se* litigants who are not licensed attorneys are not authorized and do not possess the legal training and expertise necessary to protect the interests of a proposed class. Thus, it is inappropriate to certify a class action under Rule 23 where the action is to be litigated by a *pro se* party."

*Parker v. Ritter*, No. 08-cv-00737-MSK-KLM, 2009 WL 2514143 at *2 (D. Colo. Aug. 14, 2009) (citation omitted).

4

In this Court's Order to Show Cause, the Court explained that a corporation cannot appear through a non-attorney corporate officer appearing *pro se*. *Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir. 2001). A litigant may bring his or her own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654 (West 2009). *See also* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1769.1 (3d ed. 2005) (note thirteen, citing cases for the general conclusion that a *pro se* party may not serve as a class representative). "This is so because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Flymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citing *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975)). For the reasons stated previously, the Court declines to recommend Plaintiff Kriston's case for volunteer counsel. Although Plaintiff Kriston may assert his own rights and has demonstrated his ability to do so, as described above, Plaintiff Kriston may not litigate the rights of others.

### III.  Conclusion

Accordingly, the Court **RECOMMENDS** Plaintiff's Second Motion for Certification of Classes and Appointment of Class Counsel [filed October 12, 2009; docket #84] be **DENIED**.[3]

Dated at Denver, Colorado, this 24th day of November, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3] Should Plaintiff Kriston and American Royalty Crusade, Kings Court Command, LLC, and Kings Court Command Corporation obtain representation, this Recommendation would not preclude a renewed request for class certification filed by counsel.