IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00909-MSK-MEH

ZACHARY KRISTON,
AMERICAN ROYALTY CRUSADE,
KINGS COURT COMMAND, LLC, and
KINGS COURT COMMAND CORPORATION,

      Plaintiffs,

v.

TONY PEROULIS,
HARRY PEROULIS,
DEL TURNER,
VENETIAN HOTEL OPERATIONS, LLC,
HUTCHISON & STEFFEN, LLC,
E. ROBERT SPEAR,
HARRAH'S ENTERTAINMENT INC.,
CLARK COUNTY DISTRICT ATTORNEY,
MICHAEL ACCARDI,
SANDRA RATANA, and
DARYLL ROSENBLATT,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on January 28, 2010.**

      Plaintiff Kriston's Motion for Leave to Amend Multidistrict Complaint [filed January 26, 2010; docket #176] is **denied without prejudice** for failure to comply fully with D.C. Colo. LCivR 7.1A. Plaintiff Kriston represents he "made good faith attempts to confer and resolve the issues," and "no objections have been filed," but does not state the specific efforts taken to comply with D.C. Colo. LCivR 7.1A. Plaintiff Kriston also does not indicate whether the relief he requests in this Motion is opposed or unopposed.

      In pertinent part, the plain language of D.C. Colo. LCivR 7.1A states,

> The court will not consider *any motion*, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving

>   party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

(emphasis added).  The Court again reminds the parties of their continuing obligations to comply fully with D.C. Colo. LCivR 7.1A.  *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (because Rule 7.1A requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter or voicemail).