IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00909-MSK-MEH

ZACHARY KRISTON,

    Plaintiff,

v.

TONY PEROULIS,
HARRY PEROULIS,
DEL TURNER,
VENETIAN HOTEL OPERATIONS, LLC,
HUTCHISON & STEFFEN, LLC,
E. ROBERT SPEAR,
HARRAH'S ENTERTAINMENT INC,
CLARK COUNTY DISTRICT ATTORNEY,
MICHAEL ACCARDI,
SANDRA RATANA,
DARYLL ROSENBLATT,

    Defendants.

---

## ORDER OVERRULING OBJECTIONS, ADOPTING AS MODIFIED RECOMMENDATION OF MAGISTRATE JUDGE, AND GRANTING MOTIONS TO DISMISS

---

**THIS MATTER** comes before the Court on the Recommendation of the Magistrate Judge **(#190)**, to which Plaintiff Zachary Kriston objected **(#191)**. The Recommendation addressed Defendant E. Robert Spear's Motion to Dismiss **(#38)**, to which Mr. Kriston responded **(#58)**, and Mr. Spear replied **(#73)**; Defendant Del Turner's Motion to Dismiss **(#47)**, to which Mr. Kriston responded **(#58)**, and Mr. Turner replied **(#69)**; Defendant Sandra Ratana's Motion to Dismiss **(#65)**, to which Mr. Kriston responded **(#86)**, and Ms. Ratana replied **(#98)**; Defendants Hutchinson & Steffen, LLC and Harrah's Entertainment, Inc.'s Motion to Dismiss

**(#78)**, to which Mr. Kriston responded **(#92)**, and the Defendants replied **(#108)**; Defendants Hutchinson & Steffen, LLC and Harrah's Entertainment, Inc.'s Motion to Set Aside Clerk's Entry of Default **(#79)**, to which Mr. Kriston responded **(#91)**, and the Defendants replied **(#107)**; Defendant Michael Accardi's Motion to Dismiss **(#141)**, to which Mr. Kriston responded **(#157)**; and Mr. Kriston's Renewed Motion for Leave to File First Amended Complaint **(#180)**, to which Defendants Hutchinson & Steffen, LLC and Harrah's Entertainment, Inc. responded **(#183)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

## I. Jurisdiction

The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. Material Facts

The Recommendation sets out the relevant facts in detail. Although Mr. Kriston contends that it disregarded or ignored certain pertinent facts in the Complaint **(#1)**, he does not specify the facts he contends were ignored. More importantly, this Court has not discerned any issue with the Recommendation's recitation of the facts, and therefore adopts it as if set forth herein.

In summary, at pertinent times Mr. Kriston was the president and chief executive officer of Kings Court Command Corporation and other business entities. Mr. Kriston's claims arise from business transactions between these companies and various defendants. Mr. Kriston contends that the business dealings led to a variety of unlawful activity directed against him, personally. In the Complaint **(#1)**, Mr. Kriston brings a number of claims against the Defendants for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

## III. Issues Presented

The issues presented by the various pleadings and the Recommendation are whether Mr. Kriston has properly effected service on Hutchinson & Steffen, LLC, Harrah's Entertainment, Inc., Mr. Accardi, or the Clark County District Attorney; whether this Court can properly exercise jurisdiction over Mr. Spear or Ms. Ratana; whether Mr. Kriston has validly asserted a RICO claim; and whether Mr. Kriston has shown good cause to amend his Complaint.

### IV. Standard of Review

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a magistrate judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections are filed, the district court must review *de novo* the particular conclusions of the magistrate judge to which specific objections have been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).

### V. Analysis

On April 21, 2009, Mr. Kriston filed his Complaint bringing thirty claims for relief against the Defendants, each claim premised on a violation of RICO. Defendants E. Robert Spear **(#38)** and Sandra Ratana **(#65)** move to dismiss, *inter alia*, for lack of personal jurisdiction due to insufficient minimum contracts with Colorado. Defendant Del Turner **(#47)** moves to dismiss for failure to state a claim. Hutchinson & Steffen, LLC and Harrah's Entertainment, Inc. (collectively "Harrah's") **(#79)**[1] and Michael Accardi **(#141)** move to dismiss, *inter alia*, for lack of personal jurisdiction due to improper service. Mr. Kriston moves for leave to file an

---

[1] Hutchinson & Steffen, LLC and Harrah's Entertainment, Inc. also moved to set aside the default judgment entered against them **(#50)**.

amended complaint **(#180)**.

All of these motions were referred to the Magistrate Judge. On February 19, 2010, the Magistrate Judge issued a Report and Recommendation (the "Recommendation") recommending that (1) the Defendants' Motions to Dismiss be granted; (2) all claims against the moving defendants be dismissed with prejudice; (3) the claims against Defendant Clark County District Attorney be dismissed without prejudice for failure of service under Fed. R. Civ. P. 4(m); and (4) Mr. Kriston's Motion for Leave to Amend be denied.

Mr. Kriston timely objected **(#191)** to the Recommendation. His objections, however, are broad, nonspecific, and often undecipherable. To the extent it is able to decipher Mr. Kriston's objections, the Court addresses them below. Despite lack of specificity in Mr. Kriston's objections, the Court has conducted a *de novo* review of the entire Recommendation.

    A.    **Mr. Kriston's General Objections**

Mr. Kriston argues that the Recommendation did not liberally construe his pleadings and that it made "overly broad inferences and interpretations" of his Complaint. Beyond this general objections, however, Mr. Kriston does not articulate specific examples of how the Recommendation failed to liberally construe his pleadings or how such failure impacted the Recommendation. A review of the Recommendation, the Complaint, and Mr. Kriston's pleadings satisfies the Court that the Magistrate Judge gave liberal construction to Mr. Kriston's pleadings.[2]

---

[2] The Recommendation did not address the request of two defendants to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to comply with Rule 8(a). Rule 8(a) requires a complaint to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose behind this rule is to inform the defendants as to the legal claims against them. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Complaints that fail to meet this purpose because they are "prolix in evidentiary detail, yet without simplicity, conciseness and clarity", scatter and

Mr. Kriston also argues that the Recommendation did not provide him notice of the deficiencies in his pleadings before recommending that the claims against the Moving Defendants be dismissed. Even if the Court was required to provide notice to *pro se* litigants of the deficiencies in their pleadings, the motions to dismiss and the Recommendation provided sufficient notice to Mr. Kriston of the deficiencies in his pleadings prior to actual determination of the issues. Indeed, his objections to the Recommendation are considered in this Order.

**B.     Improper Service**

Defendants Hutchinson & Steffen, LLC and Harrah's Entertainment, Inc. (collectively "the Harrah's Defendants") and Defendant Michael Accardi move to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for improper service. As to claims against these defendants, the Recommendation concludes that dismissal is appropriate under Rule 12(b)(5) because there is no evidence that any of them were properly served. Additionally, as to claims against Defendant Clark County District Attorney, the Recommendation *sua sponte* concludes that dismissal is appropriate  pursuant to Fed. R. Civ. P. 4(m) for failure to properly serve.

1.     The Harrah's Defendants

The Recommendation includes a review of the docket and a determination that service was not effected on the Harrah's Defendants because mailing of the summons is not sufficient to serve a corporation under either Fed. R. Civ. P. 4(h), Colo. R. Civ. P. 4(e)(4), or Nev. R. Civ. P. 4(d). Therefore, the default judgment against the Harrah's Defendants should be set aside and

---

conceal allegations that matter inside a morass of irrelevancies, or fail to identify a concrete legal theory or target a particular defendant may be dismissed for failure to comply with Rule 8(a). *See id.* Although there may be some merit to the Rule 8(a) arguments, because the Recommendation did not address the issue, this Court does not address it either. But, the Complaint's shortcomings may relate to Mr. Kriston's belief that the Recommendation did not adequately focus in on the relevant factual details.

the claims should be dismissed because proper service had not been effected within 120 days of the initiation of the action as required by Fed. R. Civ. P. 4(m).

Mr. Kriston's objects, but he does not offer anything that establishes that proper service has been effected on the Harrah's Defendants.[3] The Court finds no error in the Recommendation. The time for service expired on August 19, 2009. Mr. Kriston has not requested an extension of time to allow for service, nor attempted to re-serve the Harrah's Defendants. Accordingly, the default judgment **(#50)** is set aside and all claims against Defendants Hutchinson & Steffen, LLC and Harrah's Entertainment, Inc. are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

    2.    Mr. Accardi

Mr. Accardi moves to dismiss for improper service. The Recommendation did not address this argument. A determination of whether Mr. Accardi was properly served, however, is necessary before the suit can proceed on the merits. *See Pay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209–10 (10th Cir. 2000) ("[Service of process and personal jurisdiction both must be satisfied before a suit can proceed.").

Under Fed. R. Civ. P. 4(h), service on an individual is proper if it is (i) made under the law's of the state where the action is brought or where service is made; (ii) delivering a copy to the individual personally; (iii) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (iv) delivering a copy to an

---

[3] Mr. Kriston was required to serve all defendants within 120 days of initiation of this action—by August 19, 2009. Mr. Kriston has presented no evidence that the Harrah's Defendants were properly served in accordance with Fed. R. Civ. P. 4. The affidavit regarding these defendants indicates that service was effected by mailing the complaint and summons through certified mail. This, however, is not authorized under the federal rules, Colorado rules, or Nevada rules on service of process for business entities. *See* Fed. R. Civ. P. 4(h); Colo. R. Civ. P. 4(e)(4); Nev. R. Civ. P. 4(d)(1),(2).

agent authorized by appointment or by law to receive service of process. In Colorado (the state where the action is brought), service can be made by (i) serving the individual personally; (ii) by leaving a copy at the individual's usual place of abode, with any member of the person's family who is over eighteen years of age; (iii) by leaving a copy at the individual's workplace with the person's secretary, administrative assistant, bookkeeper, or managing agent; or (iv) by delivering a copy to a person authorized by appointment or by law to receive service of process. *See* Colo. R. Civ. P. 4(e)(1). Nevada law (the state where service was allegedly made on Mr. Accardi) allows service on an individual by any of the three methods authorized by the federal rules. *See* Nev. R. Civ. P. 4(d)(6). Additionally, Nev. Rev. Stat. § 14.090(1)(b) authorizes service of process on an individual through certified mail if a court is satisfied that the person's residence is accessible only through a gate, there is no guard on duty at the gate and entry though the gate is not reasonably available.

It is the plaintiff's burden to establish the validity of service of process. *See Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). With respect to Mr. Accardi, an affidavit filed on August 18, 2009 states that service was effectuated on Mr. Accardi by sending a copy through Certified Mail/Express Mail of the U.S. Postal Service delivery as authorized by Nev. Rev. Stat. § 14.090. The affidavit further states that the server effected further service on Mr. Accardi by hand delivering one copy to Mr. Accardi's "recorded representation of Huggins Law Office."

Mr. Accardi, however, has filed a signed affidavit stating that he has not received service of process other than through the mail and that, to his knowledge, no one authorized to accept service of process for him has been personally served. He makes no representations as to his

7

relationship with the Huggins Law Office.

In reply, Mr. Kriston does not offer any evidence or argument to demonstrate that the Huggins Law Office was authorized to accept service on behalf of Mr. Accardi. Furthermore, there are no factual allegations indicating that Mr. Accardi's residence had a gate with no guard and through which there was not reasonable manner of access such that section 14.090 is applicable. Without such information, Mr. Kriston has not met his burden of establishing that Mr. Accardi was properly served. Mr. Kriston has not requested an extension of time to serve, nor has attempted to re-serve Mr. Accardi. Thus, dismissal without prejudice of the claims against Mr. Accardi is proper under Fed. R. Civ. P. 4(m) as service was not properly made by August 19, 2009.

### 3. Clark County District Attorney

The Recommendation also *sua sponte* addressed whether service had properly been effected on the Clark County District Attorney. It found that he had not been properly served and, therefore, all claims against him should be dismissed under Fed. R. Civ. P. 4(m). Mr. Kriston's objections merely argue that the Clark County District Attorney was properly served, without making any further factual showing. Review of the record in this case does not provide sufficient evidence that the Clark County District Attorney was properly served.

The Complaint does not indicate whether the Clark County District Attorney was sued in his official capacity or his individual capacity. If he was sued in his official capacity, then service must comply with Fed. R. Civ. P. 4(j)(2), which requires that service on a state, a municipal corporation, or any other state-created governmental organization subject to suit be effected by service on the chief executive officer or as permitted by that state's laws.

8

Under Nev. R. Civ. P. 4(d)(5), process on a county, city, or town must be effectuated on the chairperson of the board of commissioners, president of the council or trustees, mayor of the city, or other head of the legislative department thereof. If, however, he is being sued in his individual capacity then he must be served as an individual under Fed. R. Civ. P. 4(e) as discussed *supra*.

Here, the affidavit for service indicates that the Clark County District Attorney was served by "personally delivering and leaving a copy at 200 Lewis Avenue, 3rd Floor, Las Vegas, Nevada 89101 with DAVID ROGER, pursuant to NRS 14 020 as a person of suitable age and discretion at the above address, which is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State." With respect to any official capacity claims, the affidavit does not demonstrate that the person on whom service was made was any of the city government officials required by Fed. R. Civ. P. 4(j)(2) or Nev. R. Civ. P. 4(d)(5).

As to any individual capacity claims, the Court is unable to determine from this statement whether service was proper. The affidavit appears to indicate that David Roger was personally served, that the summons and complaint were left with a person of suitable age and discretion, and that the registered agent of an undesignated person or entity was served. Not only does the affidavit refer to three different types of service, none of the references is sufficient to meet the requirements of federal or state law. By referencing three separate types of service, the affidavit is unreliable. Mr. Kriston's objections provide no further insight; he merely states the service was proper.

As with the other challenges, Mr. Kriston has not requested an extension of time to serve

9

nor has he attempted to reserve this defendant. Accordingly, dismissal without prejudice of the claims against the Clark County District Attorney is required by Fed. R. Civ. P. 4(m). Mr. Kriston had adequate notice of such dismissal through both the Clerk's denial of his motion for default judgment and the Recommendation.

C. Personal Jurisdiction

Defendants E. Robert Spear and Sandra Ratana each seek dismissal pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction based on insufficiency of contacts with Colorado. The Recommendation did not address this issue. The Court, however, has reviewed the parties' briefs, Mr. Kriston's responses, and the Complaint and determined that there is no evidence that either Mr. Spear or Ms. Ratana have the requisite minimum contacts with Colorado.

The burden to demonstrate jurisdiction over each defendant is on Mr. Kriston. *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). A court may either hold an evidentiary hearing and determine the facts pertinent to personal jurisdiction, or may defer to allegations made by a plaintiff, but in such event, the plaintiff must establish those facts at trial. When the court does not hold an evidentiary hearing, the plaintiff need only make a *prima facie* showing of facts sufficient to establish personal jurisdiction.

For a court to exercise personal jurisdiction over a defendant, there must both a showing that (i) jurisdiction is proper under the laws of the forum state and (ii) the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). Colorado's long arm statute is coextensive with the constitutional limitations imposed by the due process clause, therefore the inquiry collapses

into a single inquiry: whether jurisdiction is consistent with the due process clause. *See id.*

The due process clause requires that the nonresident defendant have "minimum contacts" with the forum state, which can be demonstrated by showing either general or specific jurisdiction over the defendant. *See OMI Holdings, Inc.*, 149 F.3d at 1090–91 (quoting *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). An exercise of general jurisdiction covers any claim, whether arising from activities in the state or not, and is appropriate if the defendant has "continuous and systematic general business contacts" with the forum state.

Alternatively, a Court may exercise specific jurisdiction over a defendant if the defendant's actions in or directed at the forum give rise to the litigation. The specific personal jurisdiction test is two-pronged and there is an interplay between the two prongs such that the stronger one prong is the less strong the other prong must be. Under the first prong, a court decides whether the defendant has sufficient minimum contacts with the forum state such that he should "reasonably anticipate being haled into court there." This inquiry requires a determination of whether the defendant "purposefully directed" its activities at residents of the forum and whether the action "arises out of or relates to" the defendant's own activities within the state and create a "substantial connection" with the forum state. Under the second prong, a court determines whether an exercise of jurisdiction offends "traditional notions of fair play and substantial justice." This inquiry requires a determination of whether personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case. In assessing reasonableness, a court considers: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient

and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

In this case, Mr. Kriston offers no factual allegations regarding Mr. Spear's or Ms. Ratana's activities within or directed at Colorado. As such, an exercise of general jurisdiction is not proper. With respect to specific jurisdiction, the factual allegations in the Complaint regarding both of these defendants occur exclusively in Nevada. Accordingly, these allegations are insufficient to establish that the defendants purposefully directed their activities at Colorado or that such directed activities gave rise to the current litigation. Thus, this Court cannot exercise personal jurisdiction over Mr. Spear or Ms. Ratana as they do not have the requisite minimum contacts with Colorado.

Because Mr. Kriston asserts RICO claims, however, the Court must also determine whether RICO provides jurisdiction over these defendants. When Congress statutorily authorizes nationwide service of process, effectuation of such service itself establishes personal jurisdiction over a defendant, provided that the court's exercise of jurisdiction comports with the Fifth Amendment's due process guarantee. *See Pay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000). The Tenth Circuit has concluded pursuant to section 1965(b) of RICO, if a civil RICO action is brought in a district court where personal jurisdiction can be established over at least one defendant, and if required by the ends of justice, summonses can be served nationwide on other defendants. *See Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1229–31 (10th Cir. 2006).

To determine whether nationwide jurisdiction is appropriate under RICO, the Court

12

engages in a three step analysis: (1) whether personal jurisdiction can be established over one defendant; (2) whether the ends of justice require nationwide service; and (3) whether the exercise of jurisdiction comports with due process. As to the second step, there is no bright line rule for the "ends of justice" analysis; instead it is a "flexible concept uniquely tailored to the facts of each case."

In this case, Mr. Kriston has asserted RICO claims against Mr. Spear and Ms. Ratana. If the three requirements delineated above are met, then these defendants would be subject to the jurisdiction of this Court based on RICO. However, before the Court can determine whether jurisdiction under RICO is appropriate, the Court must determine whether Mr. Kriston has asserted a valid claim under RICO against each of these defendants. As discussed in the following section, the Complaint does not adequately set forth such a claim. Therefore, jurisdiction is not proper over Mr. Spear or Ms. Ratana based on RICO and the claims against them must be dismissed for lack of personal jurisdiction.[4]

D.      RICO

Mr. Turner moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a

---

[4] The Recommendation concluded that because there was no valid RICO claim against Mr. Spear and Ms. Ratana, the claims against them should be dismissed with prejudice for failure to state a claim. However, because the Court cannot exercise personal jurisdiction over these defendants, it cannot make any determination on the merits and dismissal must be without prejudice. *See Hollander v. Sandoz Pharms. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002) (noting that jurisdictional rulings that do not address the merits of a claim should be without prejudice to permit a subsequent action in an appropriate forum); *Arocho v. Nafziger*, 2010 WL 681679, at * (Mar. 1, 2010) (unpublished) ("[W]hen a court lacks jurisdiction over a party, the proper disposition is dismissal without prejudice to permit refiling where personal jurisdiction may be exercised."). However, with regard to Mr. Turner, as to whom the Court can exercise personal jurisdiction, the dismissal of the RICO claim is with prejudice absent authorization to amend. *See Sheldon v. Vermonty*, 269 F.3d 1202, 1207 (10th Cir. 2001) (noting that dismissals pursuant to Fed. R. Civ. P. 12(b)(6) are with prejudice); *Higgins v. City of Tulsa*, 103 Fed. Appx. 648, 651 (10th Cir. Jun. 24, 2004) (same).

claim upon which relief can be granted. There is a strong presumption against dismissal for failure to state a claim under Rule 12(b)(6). *See Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). However, a claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if the complaint contains sufficient facts for a court to draw an inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *id.* at 556). Although a plaintiff is not required to include detailed factual allegations in a complaint, the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In reviewing a complaint under Rule 12(b)(6), a court should accept, as true, all well-pleaded facts and construe all reasonable allegations in the light most favorable to a plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

The RICO statute provides a private right of action for those injured by violations of section 1962. 18 U.S.C. § 1964(c). To assert such a civil RICO claim, a plaintiff must demonstrate four elements: (i) conduct (ii) of an enterprise (iii) through a pattern (iv) of racketeering activity. *See Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002). The term "enterprise" is statutorily defined and includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). In addition to the enterprises specifically enumerated in the statute, an enterprise may be any union or group of individuals associated in fact for a common purpose of engaging in a course of conduct. *See United States v. Turkette*,

452 U.S. 576, 580, 583 (1981). The existence of such an association-in-fact is proven by evidence of an ongoing organization, either formal or informal, under which the various associates function as a continuing unit. In *Boyle v. United States*, 129 S.Ct. 2237, 2243 (2009), the Supreme Court concluded that an association-in-fact must have a structure with three features: purpose, relationships among those associated with the enterprise, and longevity.

This Court agrees with the Recommendation's conclusion that Mr. Kriston has not sufficiently alleged that Mr. Turner, Mr. Spear, or Ms. Ratana were part of an enterprise. Although he makes some conclusory allegations that the defendants sometimes acted in conjunction with each other, he does not allege that the defendants were involved in an association-in-fact functioning as a continuing unit with a common purpose, with relationships among the members, or with any type of longevity. Mr. Kriston's objections provide no further factual allegations to address this deficiency.

By definition, to establish a pattern of racketeering activity, there must be at least two predicate acts of racketeering activity. *See* 18 U.S.C. § 1961(5). More importantly, however, the plaintiff must demonstrate "continuity plus relationship." *See Sedima v. Imrex Co.*, 473 U.S. 479, 496 n.14 (1985). The relationship prong of this analysis is not difficult to meet—a plaintiff must merely show that the predicate acts have similar purposes, results, victims, methods of commission, or are otherwise interrelated by distinguishing characteristics. *See Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1555 (10th Cir. 1992). As to the "continuity" prong, the central question is whether the defendants' activities are continuous, *i.e.*, that the predicate themselves amount to, or could constitute a threat of, continuing racketeering activity. *See id.*; *Hall v. Witteman*, 584 F.3d 859, 867 (10th Cir. 2009). Predicate acts extending over a

15

few weeks or months and threatening no future criminal conduct do not satisfy the requirement. *See H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989). In line with this reasoning, the Tenth Circuit determined in *Hall* that a closed-ended series of predicate actions constituting a single scheme to accomplish a discrete goal and directed at only a single individual was not sufficient to establish the "continuity" element. *See* 584 F.3d at 867 (addressing an alleged scheme to stop the plaintiff's printing of an advertisement in a newspaper and instead print another advertisement).

Here, the Court agrees that the Complaint does not sufficiently allege facts establishing a pattern of racketeering activity. As noted in reference to the enterprise element, there no factual allegation that indicates a threat of continuing criminal conduct. Indeed, the facts appear to be directed at Mr. Kriston's incarceration in Nevada, and the loans made to him by certain defendants (and the subsequent determination regarding these loans in the United States District Court for the District of Nevada). Just as in *Hall*, Mr. Kriston alleges a single scheme directed at one person to accomplish a discrete goal; namely a scheme to defraud him and his companies out of their business assets and money.

Thus, the Court agrees with the Recommendation that the Complaint fails to sufficiently allege facts that would establish either the "enterprise" element or the "pattern" element. Because the Complaint insufficiently pleads a RICO claim against Mr. Turner, Mr. Spear, or Ms. Ratana,[5] the claims against Mr. Turner are dismissed with prejudice for failure to state a claim

---

[5] Nor does the Complaint assert a valid claim of conspiracy to commit a RICO offense. To assert a such a claim, a plaintiff must demonstrate a meeting of the minds to further an endeavor which, if completed, would satisfy each of the elements of a RICO offense. *See Salinas v. United States*, 522 U.S. 52, 65 (1997). For substantially the same reasons that the Complaint fails to allege a RICO claim, it does not provide sufficient factual allegations on which this Court could conclude that the defendants had a meeting of the minds as to any endeavor that would constitute a RICO violation.

and, the claims against Mr. Spear and Ms. Ratana must be dismissed without prejudice based on lack of personal jurisdiction. *See* footnote 4.

E.     Mr. Kriston's Motion to Amend Complaint

The Recommendation concludes that Mr. Kriston's Motion to Amend be denied because it is untimely and futile. Mr. Kriston filed his initial Complaint on April 21, 2009 **(#1)**. The Scheduling Order issued October 26, 2009 **(#90)** set a deadline for amendment of pleadings of November 17, 2009. All of the defendants except Mr. Accardi filed their Motions to Dismiss prior to the deadline for amendment of pleadings.

Mr. Kriston moved on January 29, 2010 to amend the Complaint **(#180)** arguing that the amendment "focused on the remaining parties" and "attempted to cure the flaws perceived and opposed in the original complaint." In conjunction with the motion, Mr. Kriston submitted a Proposed Amended Complaint. The factual allegations in the Proposed Amended Complaint do not appear to be substantially different from those in the initial Complaint; the Proposed Amended Complaint adds various state law claims against the defendants such as, *inter alia*, breach of contract, intentional infliction of emotional distress, and defamation.

In recommending that Mr. Kriston's Motion to Amend be denied, the Recommendation reasoned that Mr. Kriston had offered no explanation for his failure to timely amend the Complaint.

Fed. R. Civ. P. 15(a) generally addresses amendment of pleadings before trial, providing that leave to amend should be freely granted when justice so requires. However, Fed. R. Civ. P. 16(b) applies when the deadline for amendment of pleadings as set in the Scheduling Order has passed. *See* Fed. R. Civ. P. 16(b)(4). Thus, to determine whether this leave to amend is

17

warranted, a court engages in a two-step analysis. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668–69 (D. Colo. 2001); *Perea v. Hunter Douglas Window Fashions, Inc.*, 2008 WL 511409, at *2 (D. Colo. Feb. 22, 2008). First, the Court examines whether "good cause" has been shown for modifying the Scheduling Order pursuant to Rule 16(b). To demonstrate "good cause" the movant must show that the scheduling deadlines cannot be met despite a party's diligent efforts. This Court has determined that this requires examination of whether the movant *could have* amended its pleadings prior to the deadline. *See Perea*, 2008 WL 511409 at *3. If the court determines that the showing under Rule 16(b) has been made, then the court proceeds to examine whether leave should be granted under Rule 15(a). *See id.*, *Pumpco*, 204 F.R.D. at 668–69.

In this case, Mr. Kriston has not presented any reason why he could not have amended his Complaint prior to the November 19, 2009 deadline. Indeed, in his objections, he merely iterates the Rule 15(a) standard that leave should be freely granted. There is nothing to indicate that Mr. Kriston could not have amended his Complaint prior to the deadline. Each of the motions to dismiss (except Mr. Accardi's[6]) were filed well before the deadline for amendment of pleadings, thereby putting Mr. Kriston on notice of the potential deficiencies in his Complaint. Moreover, given that the factual allegations do not materially change and the Proposed Amended Complaint asserts additional claims based on state law and arguably streamlines the claims and allegations against the remaining defendants, it is clear that Mr. Kriston could have made these

---

[6] This Order dismisses the claims against Mr. Accardi for failure to properly serve—issues that could not be remedied by amendment of the pleadings.

changes prior to the deadline, and he has shown no prejudice if he is not allowed to amend.[7]

Thus, the Court adopts with the Recommendation insofar as it recommends that the Motion to Amend be denied as untimely.[8]

**IT IS THEREFORE ORDERED** that

(1) Plaintiff Zachary Kriston's objections **(#191)** are **OVERRULED**.

(2) The Recommendation of the Magistrate Judge **(#190)** is **ADOPTED IN PART.**

(3) Defendant E. Robert Spear's Motion to Dismiss **(#38)** is **GRANTED**. All claims against E. Robert Spear are **DISMISSED WITHOUT PREJUDICE**.

(4) Defendant Del Turner's Motion to Dismiss **(#47)** is **GRANTED**. All claims against Del Turner are **DISMISSED WITH PREJUDICE**.

(5) Defendant Sandra Ratana's Motion to Dismiss **(#65)** is **GRANTED**. All claims against Sandra Ratana are **DISMISSED WITHOUT PREJUDICE**.

(6) Defendants Hutchinson & Steffen, LLC and Harrah's Entertainment, Inc.'s Motion to Set Aside Clerk's Entry of Default **(#79)** is **GRANTED**. The Entry of Default **(#50)** as it pertains to against Hutchinson & Steffen, LLC and Harrah's Entertainment, Inc. is **SET ASIDE**.

(7) Defendants Hutchinson & Steffen, LLC and Harrah's Entertainment, Inc.'s

---

[7] There is suggestion in the briefs that these claims have been asserted in another action in another forum.

[8] The Court has reservations with the Recommendation's conclusion that amendment is futile. It is futile as to the claims asserted against defendants over which the Court cannot exercise personal jurisdiction. It is futile as to the RICO claims because it does not remedy the deficiencies. But it is both premature and inappropriate, in the Court's mind, to assess wholly new claims brought under federal law and under state law. This is especially so in light of the casual references in much of the briefing that suggest that these new claims are being pursued in a pending action in another forum.

Motion to Dismiss **(#78)** is **GRANTED**. All claims against Hutchinson & Steffen, LLC and Harrah's Entertainment, Inc. are **DISMISSED WITHOUT PREJUDICE**.

(8) Defendant Michael Accardi's Motion to Dismiss **(#141)** is **GRANTED**. All claims against Michaeal Accardi are **DISMISSED WITHOUT PREJUDICE**.

(9) Mr. Kriston's Renewed Motion for Leave to File First Amended Complaint **(#180)** is **DENIED**.

(10) Defendants E. Robert Spear, Sandra Ratana, Hutchinson & Steffen, LLC, Harrah's Entertainment, Inc., Michael Accardi, and Del Turner shall be removed from the caption in all future filings.

Dated this 29th day of March, 2010

                                        **BY THE COURT:**

                                        Marcia S. Krieger
                                        United States District Judge