IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00909-MSK-MEH

ZACHARY KRISTON,

    Plaintiff,

v.

TONY PEROULIS,
HARRY PEROULIS,
VENETIAN HOTEL OPERATIONS, LLC, and
DARYLL ROSENBLATT,

    Defendants.

## RECOMMENDATION

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant Venetian Hotel Operations, LLC's Limited Appearance by and through its Successor by Merger, Venetian Casino Resort, LLC, for the Purpose of Setting Aside the Entry of Clerk's Default [filed August 30, 2010; docket #222]. The matter is referred to this Court for recommendation. (Docket #223.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons set forth below, the Court **RECOMMENDS** that Defendant Venetian Hotel Operations, LLC's motion be **GRANTED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file

**I.     Background**

The Court incorporates the factual background as stated in this Court's recommendation issued February 19, 2010. (*See* docket #190 at 2-7.) Pertinent to the matter at hand, the Clerk of Court entered default against Venetian Hotel Operations, LLC, on September 9, 2009. (*See* docket #50.) In the Entry of Default, the Clerk noted that a return of service was filed showing service on Venetian Hotel Operations, LLC, on August 7, 2009. (*Id.*) Upon further review of the record, the Court sees that a Proof of Service was filed by Plaintiff on August 12, 2009, indicating that the server "[s]ent such summons, complaint, and addendum, through Certified Express Mail of the U.S. Postal Service . . . on August 7, 2009." (Docket #20-4 at 3.)

In this motion, Venetian Casino Resort, LLC attests that Defendant Venetian Hotel Operations, LLC ceased to exist when it merged with Venetian Casino Resort, LLC on April 4, 2006. (Docket #222 at 1.) Hence, this Defendant did not actually exist on the date of the purported service in this lawsuit. (*Id.*) Additionally and in any event, service was not properly completed because the Proof of Service indicates service by mail, and personal service was required. (*Id.* at 2.) Venetian Casino Resort, LLC further requests the Court to find that neither it nor Defendant Venetian Hotel Operations, LLC, is a proper party to this proceeding due to insufficient service. (*Id.* at 5.)

Plaintiff filed a response, first asserting that counsel for Venetian Casino Resort should be "disqualified" from representing Venetian Casino Resort because of an alleged conflict of interest arising from her representation of the Las Vegas Metropolitan Police Department, a prior defendant

---

written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

in this proceeding which settled out of court with the Plaintiff. (*See* docket #226 at 5.) Regarding the issue of service, Plaintiff argues that Venetian Casino Resort could be easily substituted as a defendant in the place of Venetian Hotel Operations, and both entities were on proper notice of this lawsuit through service in a U.S. District of Nevada case and by the mailing of the Entry of Default to an address for Venetian Hotel Operations. (*See id.* at 2, 6.)

In reply, Venetian Casino Resort points out that Plaintiff attempts to argue the merits of the case as an excuse for the procedural deficiency. (Docket #227 at 2.) To address Plaintiff's accusation of a "conflict of interest," counsel for Venetian Casino Resort cites to the Colorado Professional Responsibility Rules for the contention that her representation of both the Las Vegas Police Department and the Venetian Casino Resort is not conflicted, as these parties' interests are "certainly not adverse; if anything, they are aligned . . . ." (*Id.*) In sum, Venetian Casino Resort argues that neither it nor Venetian Hotel Operations are a proper party to this proceeding because Venetian Hotel Operations was not properly served in person and was not a legal entity at the time of purported service. (*Id.* at 3.)

For the following reasons, the Court agrees with Venetian Casino Resort, appearing on behalf of Venetian Hotel Operations, and recommends that Defendant Venetian Hotel Operations, LLC, be dismissed from this action without prejudice.

**II.    Discussion**

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). Although Plaintiff is proceeding in this case without an attorney, he bears

3

the responsibility of prosecuting this case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Federal Rule of Civil Procedure 55 governs default judgments. Rule 55 states in pertinent part, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c) (2010). Review of case precedent analyzing "good cause" for the purposes of Rule 55(c) demonstrates that procedural deficiencies such as inadequate service, lack of subject matter jurisdiction, or lack of personal jurisdiction constitute good cause allowing an entry of default to be set aside.[2] *See United States v. Rice*, 295 F. App'x 898, 901-02 (10th Cir. 2008) (holding *pro se* defendant's failure to file a responsive pleading, without stating an adequate excuse, does not constitute good cause and supports an entry of default); *Polaski v. Colo. Dep't of Transp.*, 198 F. App'x 684, 685 (10th Cir. 2006) (holding default judgment was properly set aside based on the plaintiff's failure to personally serve the complaint on the defendant); *Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005) (lack of subject matter jurisdiction constitutes good cause to set aside an entry of default).

"Undisputedly, absent good service, the [c]ourt has no *in personam* or personal jurisdiction over a defendant." *Deville v. Wilson*, 208 F. App'x 629, 631 (10th Cir. 2006). It is the plaintiff's burden to establish the validity of service of process. *See Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). When a plaintiff such as this Plaintiff attempts to serve a corporate defendant, service is governed by Fed. R. Civ. P. 4(h). Rule 4(h) provides that a

---

[2]"The good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Rice*, 295 F. App'x at 901 (citation omitted).

corporation must be served either by following state law for service (as prescribed by Rule 4(e)(1)) or by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized . . . to receive service . . . ." *See also Hukill*, 542 F.3d at 797 (stating Rule 4 permits service of a summons and complaint upon a corporation by following state law for such service). Nevada Rule of Civil Procedure 4(d)(1) requires personal service upon a Nevada corporation. Pursuant to the Nevada Secretary of State materials provided by Venetian Casino Resort, Defendant Venetian Hotel Operations, LLC merged with Venetian Casino Resort, LLC, on April 4, 2006.[3] (*See* docket #222 at 10.) As the registered agent for Venetian Casino Resort, LLC is identified as within Nevada by Plaintiff's submitted materials, the Court finds personal service was required by the federal and Nevada state rules. (*See* docket #20-4; *see also* docket #222 at 7 (declaration by Frederick H. Kraus, registered authorized agent for Venetian Hotel Operations, LLC).)

Plaintiff's own submissions indicate service was merely mailed to Defendant Venetian Hotel Operations, LLC. (Docket #226-1 at 12 (Proof of Service stating that the server "[s]ent such summons, complaint and addendum, through Certified/Express Mail . . . on August 7, 2009."); *id.* at 17 (affidavit of service attesting to service "by sending one (1) copy each, through Certified/Express Mail").) Plaintiff's response demonstrates nothing to show personal service, and, when read carefully, does not directly (or indirectly, for that matter) address the contentions in this motion to set aside. To date, nothing on the docket indicates Plaintiff has attempted to cure the identified defect in service. The Court concludes Plaintiff has not met his burden of establishing the validity of service on the named Defendant Venetian Hotel Operations, LLC. Accordingly, the

---

[3]For the purposes of issuing this recommendation on the motion to set aside, the Court accepts Venetian Casino Resort as defendant in the stead of Venetian Hotel Operations.

Court finds Venetian Casino Resort, on behalf of Venetian Hotel Operations, establishes good cause as required by Fed. R. Civ. P. 55(c) to set aside an entry of default, in that the lack of proper service excuses this Defendant's initial non-appearance. The Court thus recommends that the motion to set aside be granted.

"Service of process and personal jurisdiction both must be satisfied before a suit can proceed." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000). As stated, "absent good service, the Court has no *in personam* or personal jurisdiction over a defendant." *Deville*, 208 F. App'x at 631. The Tenth Circuit prescribes that "dismissal for lack of personal jurisdiction should be without prejudice when it does not address merits of [the] claim." *Yaklich v. Grand County*, 278 F. App'x 797, 803 (10th Cir. 2008) (citing *Holander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216-17 (10th Cir. 2002)). The Court finds that Plaintiff has not established sufficient service, nor has he timely attempted to cure this deficiency, thus the Court cannot lawfully exercise personal jurisdiction over Defendant Venetian Hotel Operations, LLC, through Venetian Casino Resort, LLC.[4]

To briefly address Plaintiff's allegation that counsel for Venetian Casino Resort/Venetian Hotel Operations should be disqualified, the Court notes that Plaintiff offers no legal authority or factual explanation that is not conclusory or speculative in support of this contention. Moreover, nothing in Plaintiff's suggestion of impropriety indicates to the Court that a substantive conflict exists. The Court declines to entertain this accusation as a basis for denying the motion to set aside.

---

[4]Plaintiff initiated this lawsuit on April 21, 2009. Pursuant to Rule 4(m), service was due on or before August 19, 2009. Plaintiff has not sought an extension of time within which to cure the defective service.

**III.     Conclusion**

Accordingly, the Court **RECOMMENDS** Defendant Venetian Hotel Operations, LLC's Limited Appearance by and through its Successor by Merger, Venetian Casino Resort, LLC, for the Purpose of Setting Aside the Entry of Clerk's Default [filed August 30, 2010; docket #222] be **GRANTED** and the Entry of Default be set aside.  The Court further **RECOMMENDS** that Defendant Venetian Hotel Operations, LLC be **dismissed without prejudice** from this lawsuit, due to insufficient service and lack of personal jurisdiction.

Dated at Denver, Colorado, this 28th day of October, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge