IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00909-MSK-MEH

ZACHARY KRISTON,

        Plaintiffs,

v.

TONY PEROULIS,
HARRY PEROULIS, and
DARRYL ROSENBLATT,

        Defendants.

---

## OPINION AND ORDER DISMISSING ALL CLAIMS

---

**THIS MATTER** comes before the Court on Plaintiff Zachary Kriston's Response **(#214)** to an Order to Show Cause **(#208)** why the claims in this action should not be dismissed because they were unasserted compulsory counterclaims in an earlier action between the parties.[1] The Order to Show Cause particularly directed Mr. Kriston to explain why he was not required to assert the claims he brings in this action as counterclaims in a 2007 action in the United States District Court for the District of Nevada initiated against him by Defendant Tony Peroulis.

---

[1] Federal courts need not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action. *See Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974); *Driver Music Co. v. Commercial Union Ins. Cos.*, 94 F.3d 1428, 1435 (10th Cir. 1996); *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 973 n.7 (9th Cir. 2005); *Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852, 854–55 (9th Cir. 1981).

BACKGROUND

Mr. Kriston and Mr. Tony Peroulis have engaged in contentious litigation in at least three lawsuits.[2]  Their dispute arises from loan transactions and business dealings beginning in 2004. At pertinent times, Mr. Kriston was the president and chief executive officer of Kings Court Command Corporation, Kings Court Command, LLC and American Royalty Crusade, which were intended as vehicles to fund "conceptual" plans for the creation of the "Best Hotel in the World, the "United States based Castles for the wealthy."  Through these companies, Mr. Kriston solicited and obtained venture capital to further the research and development of the hotel concepts and designs.  One such investor was Mr. Tony Peroulis.  In addition to his investment, Mr. Tony Peroulis also extended loans to Mr. Kriston and his companies.

The first lawsuit between the parties was initiated by Mr. Tony Peroulis in 2007 in the United States District Court for the District of Nevada ("2007 Nevada action").  In such action, Mr. Peroulis asserted claims of, *inter alia*, embezzlement, breach of contract, breach of the implied covenant of good faith and fair dealing, and alter ego liability against Mr. Kriston. Final judgment was entered in favor of Mr. Peroulis and against Mr. Kriston and his companies for $4,900,000.00.  *See Peroulis v. Kozak*, 2010 WL 1568588, at *1 (D. Nev. Apr. 19, 2010) (unpublished); *Peroulis v. Kozak*, District of Nevada Civil Case No. 07-cv-00284-JCM, Docket No. 147.  An appeal to the Ninth Circuit is currently pending. *See, e.g.*, *Peroulis v. Kozak*, 362 Fed. App'x 727, 728 (9th Cir. Jan. 19, 2010), *rehearing granted by Peroulis v. Kozak*, 378 Fed. App'x 769 (9th Cir. May 13, 2010).

---

[2]  In addition to this action, there are two others: *Peroulis v. Kozak*, District of Nevada Civil Case No. 07-cv-00284-JCM; *Kriston v. Peroulis*, District of Nevada Civil Case No. 09-cv-00708-RCJ-LRL.

2

In the instant action, Mr. Kriston asserts claims against Mr. Tony Peroulis, Mr. Harry Peroulis and Mr. Darryl Rosentblatt under Racketeer Influenced and Corrupt Organizations Act ("RICO"), but arising from the same business transactions.[3]  Mr. Kriston contends that the terms of loans made by Mr. Tony Peroulis were usurious and unreasonable, that Mr. Tony Peroulis exercised inappropriate control over Mr. Kriston based on the loans, and that the defendants conspired to and did harass him in the unlawful collection of the debt and other business actions against him.

Mr. Kriston's responded to the Order to Show Cause Why the Case Should not be Dismissed (**#214**) stating that he attempted to assert counterclaims in the 2007 Nevada action, but his request was denied.  In addition, his ability to defend the Nevada action was greatly prejudiced because he was incarcerated during the litigation and, therefore, could not timely respond, and that dismissal of this action would cause him undue prejudice.

## ANALYSIS

The question before the Court is whether Mr. Kriston's claims in this action against Mr. Tony Peroulis, Mr. Harry Peroulis, and Mr. Darryl Rosenblatt were compulsory counterclaims that he was required to assert in the 2007 Nevada action. Apparently, Mr. Kriston does not

---

[3]  Mr. Kriston named multiple defendants in his Complaint (**#1**).  Some were never served.  Claims against the others have been dismissed, leaving only the RICO claims against Mr. Tony Peroulis, Mr. Harry Peroulis and Mr. Darryl Rosentblatt.

Mr. Tony Peroulis contends that he owns all claims asserted by Mr. Kriston, having satisfied the judgment in the 2007 Nevada case by acquiring all of Mr. Kriston's rights at a sheriff's sale.  Without addressing the merits of such contention, the Court addresses the issues raised herein.

dispute that his claims were compulsory counterclaims.[4]

Pursuant to Fed. R. Civ. P. 13(a), a party is required to bring counterclaims against the opposing party if the claims that arise out of the transaction or occurrence that is the subject matter of the opposing party's claim and assertion of the counterclaim does not require adding another party over whom the court cannot acquire jurisdiction. The Tenth Circuit teaches that a counterclaim is compulsory if (I) the issues of fact and law raised by the principal claim and the counterclaim are largely the same; (ii) *res judicata* would bar a subsequent suit on the defendant's claim; (iii) the same evidence supports or refutes the principal claim and the counterclaim; and (iv) there is a logical relationship between the claim and counterclaim. *See Driver Music Co.*, 94 F.3d at 1435.

The claims in this action and the 2007 Nevada action arise from the same loan agreements and business relationship between Mr. Kriston and Mr. Tony Peroulis. Indeed, the claims in each action are opposing sides of the same coin—Mr. Peroulis claimed that Mr. Kriston embezzled money, breached the contracts between them, and acted in bad faith in their

---

[4] The Court is mindful that Mr. Kriston is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). In light of Mr. Kriston's *pro se* status, the Court conducts the full analysis to determine if his claims in this action are barred as unasserted compulsory counterclaims in the 2007 Nevada action.

business dealings and Mr. Kriston contends that the loan agreements were usurious and that Mr.

Tony Peroulis conspired with the other defendants to harass him in the collection of the loan

amounts.  Thus, the issues of fact and law are essentially the same, the same evidence would be

relevant to the claims and there is a logical relationship between the claims.

In addition, the doctrine of *res judicata* as applied in Nevada[5] arguably bars a subsequent

suit by Mr. Kriston.  Nevada law employs a three-part test for determining whether the doctrine

of  *res judicata* applies: (I) are the parties or their privies are the same; (ii) is there a valid final

judgment; and (iii) is the subsequent action is based on the same claims or any part of them that

were or could have been brought in the first action.  *See Five Star Capital Corp. v. Ruby*, 194

P.2d 709, 713 (Nev. 2008).  Assuming the existence of a final judgment, the doctrine would

appear to apply to the claims asserted in this action.  As noted, the claims Mr. Kriston asserts in

this action are against Mr. Tony Peroulis and are based on the same factual basis as in the 2007

Nevada action and, therefore, could have been brought in that action.

Mr. Kriston has named defendants (namely Mr. Harry Peroulis and Mr. Darryl

Rosenblatt) other than Mr. Tony Peroulis, the opposing party in the 2007 Nevada action.  Mr.

Kriston contends that these defendants conspired to unlawfully harass him and unlawfully collect

a debt in violation of RICO.  However, he does not contend that this claim could not have been

asserted in the 2007 Nevada action or that Mr. Harry Peroulis and Mr. Darryl Rosenblatt would

not have been subject to the jurisdiction of the court in the Nevada action.  Mr. Kriston

apparently concedes that personal jurisdiction over Mr. Harry Peroulis and Mr. Darryl

---

[5]  To determine the preclusive effect of a judgment, a court looks to the law of the state of
the judgment.  *See Bolling v. Denver*, 790 F.2d 67, 68 (10th Cir. 1986)

Rosenblatt for purposes of such claim could have been effected by utilizing RICO's nationwide service process section, 18 U.S.C. § 1965(b), and that personal jurisdiction over all defendants could have been satisfied by exercise of jurisdiction over Mr. Tony Peroulis.  *See Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 565, 538 (9th Cir. 1986).  Because Mr. Tony Peroulis consented to jurisdiction in Nevada, it would seem that the RICO claim could have been asserted there.

For these reasons, this Court finds that Mr. Kriston's claims in this action were compulsory counterclaims that he was required to assert in the 2007 Nevada action before the United States District Court for the District of Nevada.[6]

Mr. Kriston's opposition to dismissal is based upon his contention that he was prevented from asserting counterclaims in the Nevada action, that he was prejudiced in the Nevada action because he was not provided special consideration even though he was litigating while incarcerated, and that to dismiss this action would unduly prejudice him.  None of these arguments are persuasive.

Mr. Kriston did not timely assert counterclaims in the Nevada action; instead he sought leave to do so out of time, which request was denied.  Not only does his failure to timely assert counterclaims not provide grounds to ignore their compulsory nature, to allow him to proceed on such claims in this action would circumvent the ruling of the court in the 2007 Nevada action.  Mr. Kriston's remedy for denial of his request was in the Nevada action.  The same is true of any

---

[6] This finding is consistent with a similar finding by the United States District Court for the District of Nevada in a 2010 action initiated by Mr. Kriston, in which he asserted essentially the same allegations as he is asserting here.  *See Kriston v. Peroulis*, 2010 WL 1610419, at *10 (D. Nev. Apr. 16, 2010) (unpublished).

6

complaint that he has with regard to the handling of his pleadings or setting of deadlines in that action.  These issues are not subject to collateral attack in this Court, instead, they must be taken up within the framework of the Nevada action or his appeal to the Ninth Circuit Court of Appeals.

**IT IS THEREFORE ORDERED** that

(1)     All claims in this action are **DISMISSED** with prejudice because they were required to be brought as compulsory counterclaims in another, prior action.

(2)     The Clerk of Court shall close this case.

Dated this 16th day of February, 2011

BY THE COURT:

Marcia S. Krieger
United States District Judge