IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00909-MSK-MEH

ZACHARY KRISTON,

    Plaintiff,

v.

TONY PEROULIS,
HARRY PEROULIS, and
DARRYL ROSENBLATT,

    Defendants.

---

**OPINION AND ORDER DENYING MOTION TO VACATE JUDGMENT**

---

**THIS MATTER** comes before the Court on the Motion to Vacate In Requesting a New Trial **(#233)**, filed by Plaintiff Zachary Kriston,[1] to which no response has been filed. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

**I. Background**

---

[1] The Court is mindful that Mr. Kriston is proceeding *pro se* and, therefore, the Court construes Mr. Kriston's pleadings liberally and holds Mr. Kriston to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

This case arises from loan transactions and business dealings between Mr. Kriston and Defendant Tony Peroulis, which has resulted in extensive and contentious litigation between the parties. Judgment entered in this case after the Court issued an Opinion and Order Dismissing all Claims (#**231**) on the grounds that Mr. Kriston's claims should have been asserted as compulsory counterclaims in an earlier-filed case in the United States District Court for the District of Nevada, *Peroulis v. Kozak*,[2] Civil Action No. 2:07-CV-284 JCM (GWF) (the "2007 Nevada action").

At the time of this Court's order, the Nevada district court had entered final judgment in favor of Mr. Peroulis, in part based on a motion for partial summary judgment resolved in favor of Mr. Peroulis. This Court determined that Mr. Kriston's claims in this action arose out of the same transaction or occurrence as the 2007 Nevada action; therefore, his claims were compulsory counterclaims that could not be asserted in a new and separate action. Among the factors considered in whether a counterclaim is compulsory is whether *res judicata* would bar a subsequent suit on the defendant's claim.

Mr. Kriston now seeks to reopen this case, apparently on the grounds that the *res judicata* element of the analysis should be reexamined. The decision in the 2007 Nevada action was appealed to the Ninth Circuit; the appeal was thereafter dismissed based on the parties' stipulation that the district court's resolution of the motion for partial summary judgment was in error because Mr. Kriston had not received notice of the motion and did not have a chance to respond. *See Peroulis v. Kozak*, 378 Fed.Appx. 769 (9th Cir. May 13, 2010). The case was

---

[2]Mr. Kriston is also known as Paul Kozak.

remanded to the Nevada district court.³ Mr. Kriston appears to argue that since there is now no final judgment in the 2007 Nevada action, *res judicata* would not apply, and therefore his claims are not compulsory counterclaims.

## II. Analysis

The Court relied on *Driver Music Co. v. Commercial Union Ins. Cos.*, 94 F.3d 1428, 1435 (10th Cir. 1996) in its determination that Mr. Kriston's claims were compulsory counterclaims under Fed. R. Civ. P. 13(a). Under this authority, a counterclaim is compulsory if (i) the issues of fact and law raised by the principal claim and the counterclaim are largely the same; (ii) *res judicata* <u>would bar a subsequent suit</u> on the defendant's claim; (iii) the same evidence supports or refutes the principal claim and the counterclaim; and (iv) there is a logical relationship between the claim and counterclaim. 94 F.3d at 1435 (emphasis added). The Court analyzed these issues, including the factors that would be applied in a *res judicata* determination under Nevada law.⁴ The Court stated, "Assuming the existence of a final judgment, the [*res judicata*] doctrine would appear to apply to the claims asserted in this action." Order, #**231**, at 5.

Mr. Kriston misapprehends the basis of the Court's order. Mr. Kriston's claims were not deemed barred by *res judicata*, which would require a final judgment. Rather, the claims were barred, and the case dismissed, because the claims should have been asserted in the 2007 Nevada action as compulsory counterclaims. Part of the analysis requires examination of whether, *upon*

---

³After remand, the district court considered Mr. Kriston's response to Mr. Peroulis's renewed motion for partial summary judgment but again resolved the motion in favor of Mr. Peroulis. *Peroulis v. Kozak*, Case No. 2:07-CV-284 JCM (GWF), 2011 WL 1869414 (D.Nev. May 13, 2011).

⁴These factors are: (i) are the parties or their privies are the same; (ii) is there a valid final judgment; and (iii) is the subsequent action is based on the same claims or any part of them that were or could have been brought in the first action. *See Five Star Capital Corp. v. Ruby*, 194 P.2d 709, 713 (Nev. 2008).

*resolution* of the earlier case, *res judicata* would bar re-litigation of the facts and legal issues decided in that case.  The Court determined that here, resolution of Mr. Peroulis's claims against Mr. Kriston in the 2007 Nevada action would preclude relitigation of Mr. Kriston's claims because they were based on the same facts and legal questions.  The Court's analysis did not rely upon the existence of a final judgment in the Nevada action, only a consideration of the effect of such judgment when it entered.  Therefore, the fact that the Nevada action may still be pending does not alter the Court's determination that Mr. Kriston's claims are barred in this action.  Whether, given remand of the Nevada action, they can be asserted there, is something for the parties to address with the Court presiding over that action.

**IT IS THEREFORE ORDERED**

(1)     Motion to Vacate In Requesting a New Trial **(#233)** is **DENIED**.

Dated this 3rd day of October, 2011

BY THE COURT:

_____

Marcia S. Krieger
United States District Judge